**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA,
ANDERSON DIVISION**

Civil Action No: _____

| | |
|---|---|
| BUILDERS MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) S.D. HILL CONSTRUCTION ) COMPANY, INC., ) ) Defendants. ) _____) | **COMPLAINT** (*Declaratory Judgment*) (*Insurance Contract*) (*Non-Jury Trial Demanded*) |

COMES NOW the Plaintiff, Builders Mutual Insurance Company, complaining of the Defendant, S.D. Hill Construction Company, Inc., by and through counsel, and respectfully shows unto this Court as follows:

PRELIMINARY STATEMENT

1. Pursuant to 28 U.S.C. §2201, Plaintiff Builders Mutual Insurance Company (hereinafter "Builders Mutual") seeks a declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties under a certain policy of insurance issued by Builders Mutual under which Defendant S.D. Hill Construction Company, Inc.

2. Plaintiff Builders Mutual Insurance Company is a corporation organized and existing under the laws of the state of North Carolina, with a principal place of business in Raleigh, Wake County, North Carolina; however, it engages in its business of selling and providing insurance coverage, including commercial general liability and other commercial lines, to insureds in the state of South Carolina.

3.      Defendant S.D. Hill Construction Company, Inc. ("SD Hill") is a corporation organized and existing under the laws of the state of South Carolina, with its principal place of business upon information and belief located in Seneca, Oconee County, South Carolina.

## JURISDICTION

4.      Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. §1332(a)(1) and (c) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

## VENUE

5.      This action properly lies in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §1391(b) in that the Defendants SD Hill is seeking to avail itself of coverage under policies of insurance that were contracted for and delivered to a South Carolina corporation in South Carolina.

## UNDERLYING LAWSUIT

6.      Upon information and belief, Charles H. Snyder and Deborah E. Snyder (the "Property Owners") contracted with SD Hill to act as developer and general contractor for construction of a residence located at 314 Knollwood Drive, Salem, South Carolina (hereinafter "the Property").

7.      Upon information and belief, the terms of the contract between the Property Owners and SD Hill provided that the Property Owners would provide Builder's Risk Insurance for the Project "in coverage of natural disasters such as wind, and fire."

8.      Upon information and belief, Auto-Owners provided property insurance to the Property Owners for the property located at 314 Knollwood Drive, Salem, South Carolina, pursuant to Auto-Owners homeowner's insurance policy number 52-133-376-01 (the "Auto-

Owners Policy"), which included a building under construction endorsement such that it functioned as a building under construction policy.

9. Upon information and belief, SD Hill subcontracted Adelmo Pinto, d/b/a Pinto Painting, to perform a portion of the work including painting.

10. On or about September 25, 2019, a large fire occurred while the residence on the Property was still under construction.

11. Upon information and belief, the fire caused substantial damages to the Property.

12. Auto-Owners, as subrogee for Charles H. Snyder and Deborah E. Snyder, brought an action captioned *Auto-Owners Insurance Company as subrogee Charles H. Snyder and Deborah E. Snyder v. S.D. Hill Construction Company, Inc., Steve D. Hill, Adelmo Pinto d/b/a Pinto Painting* in the Court of Common Pleas for the Tenth Judicial Circuit, Oconee County, South Carolina, case no. 2020-CP-37-944 (hereinafter the "Underlying Action," a copy of which is attached as Exhibit A).

13. The underlying action alleges claims for negligence, gross negligence and breach of warranty against all defendants, and a claim for unfair trade practice against SD Hill.

14. The underlying action includes the following allegations:

   (a) That a member, employee, agent, or representative of Pinto Painting or the other defendants left rags containing stain or paint products in the construction site on the Property;

   (b) That the rags containing stain or paint products ignited due to defendants' failure to supervise or take reasonable safety precautions at the construction site;

   (c) That the fire was a direct result of the alleged negligence in supervision and safety precautions resulting in the rags containing paint or stain products being left at the jobsite,

   (d) That defendants were further negligent in failing to construct the residence with due care in accordance with standard building practices; properly

      coordinate and supervise construction of the residence, failing to hire competent sub and specialty contractors, failing to properly coordinate or supervise subcontractors, failing to discard combustible materials, and failing to act as a reasonable person under the circumstances;

(e)   That defendants breached implied and express warranties that the work would be performed in a diligent and workmanlike manner free from defects and befitting an upscale residence; by constructing and selling the residence on the property in a defective manner;

(f)   That the defective design and construction and the negligent supervision or enforcement of safety precautions constituted an unfair trade practice by SD Hill;

(g)   That the loss sustained as a result of the fire resulted in damages in excess of $2,000,000 including property damage, loss of use, and other damages.

(h)   That Auto-Owners paid substantial sums to and on behalf of its insured benefits under the Auto-Owners Policy for damage to the Property, loss of use, and other damages.

<u>SD HILL CONSTRUCTION COMPANY INSURANCE POLICY</u>

15. The allegations in paragraphs 1-14 are restated and incorporated herein by reference.

16. At all times relevant hereto, Builders Mutual Insurance Company had issued to SD Hill a commercial general liability policy, policy number CPP 0082679 00, (the "SD Hill Policy")(Exhibit 1) with an effective date of January 22, 2019 through January 22, 2020.

17. The SD Hill Policy provides liability coverage pursuant to the following insuring agreement as contained in Form CG 00 01 04 13:

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>    a.   We will pay those sums that the insured become legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

> However, we will have no duty to defend the insured against any suit seeking damages for "bodily injury" or "property damage" to which this insurance does not apply ….
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; …

18. The SD Hill Policy also excludes coverage for "property damage" arising out of "'your work' arising out of it or any part of it" pursuant to the following exclusions:

> 2. **Exclusions**
>
> This insurance does not apply to:
>
> j. **Damage to Property**
>
> "Property damage" to:
>
> ***
>
> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> l. **Damage to Your Work**
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".[1]

---

[1] Although Form CG 00 01 04 13 includes in its exclusion L the policy language "This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor," the exclusion is modified in the SD Hill Policy by the operation of endorsement CG 22 94 10 01, "Exclusion-Damage to Work Performed by Subcontractors on Your Behalf" to also exclude coverage for the work of subcontractors under exclusion 2(l).

5

19. The SD Hill Policy contains the following definitions for the terms included in the insuring agreement and exclusions set out above:

**SECTION V—DEFINITIONS**

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. "Products-completed operations hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   (2) Work that has not yet been completed or abandoned. However, your work will deemed completed at the earliest of the following times:

   (a) When all of the work called for in the contract has been completed.

   (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement but which is otherwise complete will be treated as completed.

17. "Property damage" means

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

22. "Your work":

6

      **a.** Means:

          (1)    Work or operations performed by you or on your behalf; and

          (2)    Materials, parts or equipment furnished in connection with such work or operations.

      **b.** Includes:

          (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

          (2)    The providing of or failure to provide warnings or instructions.

20.    The SD Hill Policy further provides that coverage will be provided subject to the following conditions:

### SECTION IV—COMMERCIAL GENERAL LIABILITY CONDITIONS

**2.    Duties in the Event of An Occurrence, Claim or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. […]

    b.    If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.    You and any other involved insured must:

        (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

4. **Other Insurance**

  b. Excess Insurance

    (1) This insurance is excess over:

      (a) Any other insurance whether primary, excess, contingent, or on any other basis:

        (i) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work"

    (2) The providing of or failure to provide warnings or instructions.

*.*.*.*.*

FIRST CAUSE OF ACTION-COMPLAINT FOR DECLARATORY RELIEF
UNDER THE SD HILL POLICY
**(No Coverage Under the SD Hill Policy)**

  21. The allegations in paragraphs 1-20 are restated and incorporated herein by reference.

  22. The SD Hill Policy defines "your work" as the work of SD Hill and any person or entity performing work on its behalf, including Steve Hill individually, Pinto Painting, and any other entity acting as a subcontractor or otherwise performing work on SD Hill's behalf.

8

23.  The entirety of the residence under construction on the Property constituted "your work" of SD Hill Construction as the General Contractor and any person or entity acting as a subcontractor or otherwise performing work on behalf of SD Hill.

24.  Plaintiff Builders Mutual contends that there is no coverage for Auto-Owners claim under the SD Hill Policy for the following reasons:

   a.  The SD Hill Policy covers "property damage" only when and if such "property damage" is caused by an "occurrence" as that term is defined in the policy.

   b.  The faulty workmanship alleged to have caused the fire resulting in damage to the Property, which damaged only work performed by or on behalf of SD Hill, does not constitute an "occurrence" as defined in the SD Hill Policy and/or as interpreted under the applicable law of South Carolina.

   c.  The faulty workmanship alleged to have caused the fire resulting in damage to the Property which damaged only work performed by or on behalf of SD Hill does not constitute "property damage" as defined in the SD Hill Policy and/or as interpreted under the applicable law of South Carolina.

   d.  The SD Hill Policy specifically excludes liability coverage for, *inter alia*, Property damage" to "your work" regarding that particular part of any property which must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

   e.  The SD Hill Policy specifically excludes liability coverage for, *inter alia*, "property damage" to "your work" arising out of it or any part of it and included in the "product-completed operations hazard."

   f.  The claims against SD Hill in the Underlying Action fail to trigger coverage under any other policy provision and/or those claims are otherwise excluded from the coverage under the Builders Mutual policy.

   g.  Defendant SD Hill has otherwise failed to comply with the terms and conditions of the applicable policy thereby negating coverage for claims against SD Hill in the Underlying Action.

25.  A genuine, actual, and justiciable controversy between the parties to this action has arisen and presently exists concerning coverage afforded by Builders Mutual pursuant to its

9

policies issued to SD Hill, and Builders Mutual is entitled to a declaratory judgment as to its obligations and liabilities to Defendant SD Hill under the Builders Mutual Policy.

26.    Plaintiff Builders Mutual seeks a Declaratory Judgment, pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure that, pursuant to the provisions contained within the SD Hill Policy, said policy does not provide coverage to Defendant SD Hill for any damages that may arise out of the allegations in the underlying action, and that Builders Mutual is not obligated to continue to provide a defense to SD Hill or to indemnify SD Hill for any damages claimed by the plaintiff in the underlying action captioned *Auto-Owners Insurance Company as subrogee Charles H. Snyder and Deborah E. Snyder v. S.D. Hill Construction Company, Inc., Steve D. Hill, Adelmo Pinto d/b/a Pinto Painting* in the Court of Common Pleas for the Tenth Judicial Circuit, Oconee County, South Carolina, case no. 2020-CP-37-944.

WHEREFORE, Builders Mutual Insurance Company prays the Court:

1.    For a Declaratory Judgment under 28 U.S.C. §2201 declaring the relative rights and obligations of the parties under the SD Hill Policy;

2.    For a Declaratory Judgment that the Builders Mutual policy issued to SD Hill does not provide coverage for Defendant SD Hill for the damages alleged by Auto-Owners in the lawsuit captioned *Auto-Owners Insurance Company as subrogee Charles H. Snyder and Deborah E. Snyder v. S.D. Hill Construction Company, Inc., Steve D. Hill, Adelmo Pinto d/b/a Pinto Painting* in the Court of Common Pleas for the Tenth Judicial Circuit, Oconee County, South Carolina, case no. 2020-CP-37-944;

3.    For a Declaratory Judgment that Builders Mutual is not obligated to continue to provide a defense to Defendant SD Hill, to indemnify SD Hill, or it in the lawsuit captioned *Auto-Owners Insurance Company as subrogee Charles H. Snyder and Deborah E. Snyder v. S.D.*

*Hill Construction Company, Inc., Steve D. Hill, Adelmo Pinto d/b/a Pinto Painting* in the Court of Common Pleas for the Tenth Judicial Circuit, Oconee County, South Carolina, case no. 2020-CP-37-944; and

4. For such other and further relief as the Court may deem just and proper.

This the 21st day of April, 2021.

Respectfully Submitted,

**GOLDBERG SEGALLA, LLP**

/s/ John I. Malone, Jr.
John I. Malone, Jr.
Federal I.D. No.: 12047
701 Green Valley Road, Suite 310
Greensboro, NC 27408
Telephone:	336.419.4900
Facsimile:	336.419.4950
E-mail:jmalone@goldbergsegalla.com
*Attorney for Plaintiff*
*Builders Mutual Insurance Company*

11